1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **CENTRAL DISTRICT OF CALIFORNIA**
10 **SOUTHERN DIVISION**
11
12 TIN QUOC PHAN,                          )     No. SA CV 22-105-SB (PLA)
                                          )
13           Plaintiff,                 )
                                          )
14     v.                                  )     **ORDER DISMISSING COMPLAINT WITH**
                                          )     **LEAVE TO AMEND**
15 COUNTY OF ORANGE, *et al.*,              )
                                          )
16           Defendants.                )
17 _____ )
18       On January 21, 2022, plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
19 (ECF No. 1).  Plaintiff did not prepay the filing fees and instead submitted a Request to Proceed
20 *In Forma Pauperis* ("IFP").  (ECF Nos. 2, 4).  In his Complaint, plaintiff names as defendants the
21 County of Orange (ECF No. 1 at 2; "County"); Loretta Lopez, a Senior Social Worker in the County
22 (*id.* at 2); and Lauri Luchonok, a Senior Social Worker in the County (*id.* at 3).  The two individual
23 defendants are named in their official capacities only.  (*Id.* at 2-3).  In the portion of the Complaint
24 for plaintiff to state the legal basis for jurisdiction, plaintiff sets forth a lengthy list of "rights" that
25 were violated, including:  "life, liberty, and property," "familial association," "an active and integral
26 role in childs [sic] life," "due process," "the Fourteenth Amendment," and the "fundamental rights
27 of parents."  In this same list, plaintiff also references "fraud by misrepresentation," "fraud by
28 concealment profiling [sic]," "biased gender based discrimination," "retaliation," "child abuse," "child

endangerment," and "gross and intentional negligence [sic]." (*Id.* at 3).  The Complaint lists only one incident date, March 26, 2021.  (*Id.* at 4).  Plaintiff's claims appear to arise from the removal and continued detention of his child.  In his statement of the relief that he is seeking in this action, plaintiff references a "previous arbitration order" and alleges that unspecified "county courts would not confirm and dismissed the arbitration ruling."  Plaintiff seeks the return of his child and "relief according to arbitration," including damages awarded and punitive damages as assessed in that order.  (*Id.* at 7).

In accordance with the mandate of 28 U.S.C. § 1915(e)(2), the Court has screened the Complaint to determine whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Shirley v. Univ. of Idaho, 800 F.3d 1193, 1194 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding in forma pauperis"); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").  The Court's screening of the pleading under the foregoing statute is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory.  See, e.g., Kwan v. SanMedica Int'l, 854 F.3d 1088, 1093 (9th Cir. 2017); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether a complaint should be dismissed for failure to state a claim under [28 U.S.C. § 1915(e)(2)], we apply the familiar standard of Fed. R. Civ. P. 12(b)(6).").  Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . . Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  Further, it is particularly important in a civil rights case filed by a *pro se* litigant to attempt to ascertain plaintiff's claims to protect his or her access to the courts.  See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts").  In addition, the Court may not dismiss a claim because a *pro se* litigant has set forth an incomplete "legal theory supporting the claim" alleged.  See Johnson v. City of Shelby, 574 U.S. 10, 11, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014).  Finally, in determining whether a complaint states a claim to relief that is plausible on its face, factual allegations are accepted as true and construed in the light most favorable to plaintiff.  See, e.g., Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible").  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations fail to state a short and plain statement of any claim and appear insufficient to state a federal civil rights claim against any defendant.  In addition, the Court appears to lack subject matter jurisdiction over this action because plaintiff appears to be seeking relief from an allegedly erroneous state court decision.  Accordingly, the Complaint is dismissed with leave to amend.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (a "*pro se* litigant must be given

leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment" (internal quotation marks omitted)).

**If plaintiff desires to pursue any federal civil rights claims in this action, he is ORDERED to file a First Amended Complaint no later than March 7, 2022, remedying the deficiencies discussed below.  Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed without further leave to amend.[1]**

## A.    SUBJECT MATTER JURISDICTION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992); see also Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss *sua sponte* for lack of subject matter jurisdiction without violating due process).  A plaintiff must present a federal question on the face of a complaint.  See Rivet v. Regions Bank, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be

---

[1]    Plaintiff is advised that this Court's determination  herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

disclosed upon the face of the complaint" (internal quotation marks omitted)).  A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to invoke the court's jurisdiction.  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).  "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial," or "obviously frivolous," are insufficient to "raise a substantial federal question for jurisdictional purposes."  Shapiro v. McManus, 577 U.S. 39, 45-46, 136 S. Ct. 450, 193 L. Ed. 2d 279 (2015).  Additionally, a federal court has an obligation to assure itself of jurisdiction before proceeding to the merits of any case.  See Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007).

Here, plaintiff names as defendants the County and two social workers who appear to work for the County.  Plaintiff appears to seek only the enforcement of an arbitration ruling regarding custody of his child.  This Court does not have jurisdiction over the enforcement of an arbitration order that appears to pertain to a state court juvenile dependency proceeding.  (See, e.g., ECF No. 1 at 7, 9, 18-19, 34).  Further, although plaintiff references several federal civil rights (id. at 3), the pleading does not purport to raise any specific federal civil rights claim against any named defendant.  To the extent that plaintiff is alleging that the actions of any defendant violated state law, an alleged violation of state law cannot give rise to a federal civil rights claim.  See, e.g., Galen v. Cnty. of L.A., 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law."); Ove v. Gwinn, 264 F3d 817, 823 (9th Cir. 2001) (an alleged violation of California law fails to state a claim under § 1983).

Further, to the extent that plaintiff is purporting to allege that a California Superior Court erred in failing to enforce a valid arbitration ruling in plaintiff's favor, as noted above, Federal District Courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fid, Tr, Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).  Review of state court decisions may be conducted only by the United States Supreme Court.  See Feldman, 460 U.S. at 476, 486; Rooker, 263 U.S. at 416; see also 28 U.S.C. § 1257.  Rooker-Feldman bars cases "brought by state-court losers complaining

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The Rooker-Feldman doctrine applies even when the challenge to the state court decision involves federal constitutional issues. See Dubinka v. Judges of the Supe. Ct., 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986). Further, "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." See Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003) (internal quotation marks omitted). In addition, the Rooker-Feldman doctrine is applicable even if plaintiff's state court appeals are not final, as long as the state courts have resolved the issue that the plaintiff is seeking to litigate in a federal forum. See Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 604 n.1 (9th Cir. 2005) (as amended); Worldwide Church of God, 805 F.2d at 893 n.3.

To the extent that plaintiff is alleging that he suffered a legal wrong caused by an allegedly erroneous decision of a state court, and he seeks relief from a state court decision, the Court lacks jurisdiction over such "de facto appeal." See, e.g., Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003). In addition, if plaintiff is attempting to bring a de facto appeal, then plaintiff also is barred from litigating any claims that are "inextricably intertwined" with issues in that de facto appeal. See Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012) (Rooker-Feldman also applies where federal adjudication of an issue "would impermissibly undercut the state ruling on the same issues" (internal quotation marks omitted)); see also Feldman, 460 U.S. at 483 n.16 (stating that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's [decision], then the District Court is in essence being called upon to review the state court decision"). Here, it appears to the Court that plaintiff is seeking to have this Court review the decision of a state court not to enforce an arbitration order. To grant plaintiff the relief that he seeks in this action, the Court would be required to review and reject the state court's

1  decision in the juvenile dependency action.  Such de facto appeal is forbidden under the <u>Rooker-</u>

2  <u>Feldman</u> doctrine.

3       Moreover, because plaintiff appears to be attempting to bring a de facto appeal of a state

4  court decision in which he was the "loser," the <u>Rooker-Feldman</u> doctrine also bars plaintiff from

5  adjudicating in federal court any claim that is inextricably intertwined with the state court's

6  decision.  Here, to the extent that the Court can discern any claim that plaintiff may be raising, any

7  claim appears to pertain to allegedly wrongful actions taken in connection with the state court

8  juvenile dependency proceeding.  Accordingly, those claims can only succeed in this action "to

9  the extent that the state court wrongly decided the issues before it," and a decision by this Court

10  in plaintiff's favor would impermissibly undercut the state court's decisions.

11       Therefore, this Court appears to lack subject matter jurisdiction over plaintiff's federal civil

12  rights claims.

13

14  **B.**     **FEDERAL RULE OF CIVIL PROCEDURE 8 ("RULE 8")**

15       Plaintiff's Complaint fails to comply with Rule 8(a) and Rule 8(d).  Rule 8(a) states:

16       A pleading that states a claim for relief must contain:  (1) a short and plain statement
     of the grounds for the court's jurisdiction, unless the court already has jurisdiction
17       and the claim needs no new jurisdictional support; (2) **a short and plain statement
     of the claim showing that the pleader is entitled to relief**; and (3) a demand for
18       the relief sought, which may include relief in the alternative or different types of
     relief.

19

20  Fed. R. Civ. P. 8(a) (emphasis added).  Additionally, Rule 8(d)(1) provides:  "Each allegation ***must***

21  ***be simple, concise, and direct***.  No technical form is required."  Fed. R. Civ. P. 8(d)(1)

22  (emphasis added).  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a

23  plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient

24  to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they

25  rest.  <u>See</u>, <u>e.g.</u>, <u>Brazil v. U.S. Dep't of the Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995); <u>McKeever v.</u>

26  <u>Block</u>, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants "fair notice of the claims

27  against them").  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to

28  provide defendants with notice of which defendant is being sued on which theory and what relief

1   is being sought against them, the complaint fails to comply with Rule 8.  See, e.g., McHenry v.

2   Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674

3   (9th Cir. 1981).  A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and

4   directly [the] events" that entitle him to damages.  Johnson, 574 U.S. at 12.  Moreover, failure to

5   comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even

6   if the claims in a complaint are not found to be wholly without merit.  See McHenry, 84 F.3d at

7   1179.

8        As the Supreme Court has made clear, in order to state a claim against a particular

9   defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge each

10   claim he wishes to raise "across the line from conceivable to plausible."  See Bell Atl. Corp., 550

11   U.S. at 570.  Here, plaintiff's Complaint does not clearly allege any particular claim against any

12   named defendant.  In order to state a federal civil rights claim against a specific defendant, plaintiff

13   must allege that such defendant, while acting under color of state law, deprived him of a right

14   guaranteed under the Constitution or a federal statute.  See West v. Atkins, 487 U.S. 42, 48, 108

15   S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  "A person deprives another 'of a constitutional right, within

16   the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

17   acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of

18   which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting

19   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).  Here,

20   plaintiff does not set forth any factual allegations showing that any specific official took an

21   affirmative act, participated in another's affirmative act, or failed to perform an act that he or she

22   was legally required to do that caused plaintiff to suffer a constitutional deprivation.  Rather,

23   plaintiff's Complaint includes a lengthy list of possible legal grounds arising under both federal and

24   state law, and plaintiff does not purport to link any of the alleged deprivations or injuries to any

25   defendant.  Further, plaintiff fails to support any injury he allegedly suffered with factual allegations

26   showing how any named defendant **caused** such injury.  As the Supreme Court has held, a

27   pleading does not satisfy Rule 8 if it merely states a "defendant-unlawfully-harmed-me accusation"

28

1    or sets forth "naked assertion[s] devoid of further factual enhancement."  Iqbal, 556 U.S. at 678

2    (alteration in original, internal quotation marks omitted).

3           In addition, the format of plaintiff's 68-page Complaint is confusing, and it fails to satisfy the

4    requirement of Rule 8 that a pleading be sufficient to provide each defendant with fair notice of

5    what claim is being raised against them.  See, e.g., McKeever, 932 F.2d at 798.  The Complaint

6    does not set forth separate claims against each defendant.  Rather, following his list of possible

7    Constitutional deprivations and violations of state law (ECF No. 1 at 3), plaintiff merely references

8    an "Attachment to C" (id. at 4).  What follows is a "Declaration" on a form from the Superior Court

9    of California that is not dated.  This document is filled with single-spaced un-numbered lines in

10   very small typeface.  (Id. at 5).  Plaintiff then includes a one-page document (also undated) that

11   is entitled "Attachment . . . C-attachment," which has a note on the bottom stating that: "This C-

12   attachment will replace attachment-C of original complaint.  I mistakingly [sic] submitted the wrong

13   attachment which was a talk to text version I would never knowingly have submitted."  (Id. at 6).

14   Plaintiff, however, has filed only one version of his Complaint in this action, so it is unclear what

15   attachment he desires to replace.  Following the "C-attachment" is plaintiff's request for relief and

16   his signature page, which is confusingly dated January 10, 2021 [sic].  (Id. at 7-8).  Plaintiff then

17   attaches other documents that appear to relate to the juvenile dependency action in state court

18   (id. at 9-24 (one dated May 24, 2021 (id. at 17), one dated June 7, 2021 (id. at 20))), and another

19   declaration of plaintiff (id. at 50-52 (dated September 2, 2021)).  Plaintiff also attached documents

20   pertaining to a "Notice of Demand for Emergency Arbitration" and an arbitration order on a

21   letterhead "Online Contract Arbitration," which is dated June 17, 2021.  (Id. at 25-48).  Several

22   other attachments appear to be letters from supporters that plaintiff submitted in the juvenile

23   dependency action.  (Id. at 55-58).  Plaintiff also attaches family photographs without any

24   explanation of their relevance to the claims raised in this action.  (Id. at 59-68).  It is not clear to

25   the Court how any of these attachments pertain to any claim that plaintiff is raising in this action

26   against any defendant named in this action.  Moreover, although plaintiff is proceeding pro se, he

27   must comply with the Federal Rules of Civil Procedure and the Local Rules of the District Court

28   for the Central District of California during this case.  See, e.g., Briones v. Riviera Hotel & Casino,

116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules");

see also L.R. 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules

and with" the Federal Rules.).  Plaintiff's Complaint violates Local Rules, *inter alia*, concerning

typeface requirements, the limitation of only 28 numbered lines per page, and the requirement that

each page of a pleading be numbered consecutively.  See, e.g., L.R. 11-3.1, 11-3.1.1, 11-3.2, 11-

3.3, 11-3.6, 11-3.8.  In addition, plaintiff appears to include documents filed in a Superior Court

action that do not appear to be relevant to claims raised herein. To the extent that plaintiff believes

that any exhibit is essential to a claim raised in an amended pleading, then he should attach such

document at the end of the pleading as an exhibit and clearly allege the relevance of each

attached document to the applicable claim raised within his amended pleading.

Additionally, because plaintiff's Complaint does not purport to raise any specific claim, it is

not clear to the Court how many claims plaintiff is raising or what claim he is raising against which

defendant.  Further, plaintiff's Complaint largely fails to allege specific facts against any individual

defendant.  Moreover, plaintiff's pleading fails to clearly allege that the actions or failure to act by

any named defendant **caused** plaintiff to suffer a particular federal Constitutional deprivation.

Although the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a

complete legal theory to support the claim alleged, plaintiff, at a minimum, must set forth a short

and plain statement of the **factual** basis for his claims sufficient to give defendants fair notice of

the grounds for each claim that he wishes to raise against each defendant.  See Johnson, 574

U.S. at 11; McKeever, 932 F.2d at 798 (a complaint must give defendants "fair notice of the claims

against them").  Further, the Supreme Court has made clear that the Court has "no obligation to

act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441,

159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as

advocates for *pro se* litigants").  In order to state a claim upon which relief may be granted, plaintiff

must allege sufficient **facts**, accepted as true, to state a claim against a defendant who is acting

under color of state law that is plausible on its face.  See, e.g., Iqbal, 556 U.S. at 678.  Here,

plaintiff fails to set forth sufficient and specific factual allegations against any defendant to support

a plausible federal civil rights claim against a named defendant.  Plaintiff's bare and unsupported

allegations that defendants caused the "illegal removal" of his child by "misrepresenting the truth" (ECF No. 1 at 6-7) are entirely insufficient to raise an inference that a specific defendant took an action, participated in the action of another, or failed to take an action that he or she was legally obligated to do that **caused** plaintiff to suffer a federal civil rights deprivation.  See, e.g., Bell Atl. Corp., 550 U.S. at 556 ("an allegation of parallel conduct and a bare assertion of conspiracy will not suffice").   A pleading that fails to raise more than a "mere possibility of misconduct" is insufficient to show that the "pleader is entitled to relief."  Iqbal, 556 U.S. at 679 (internal quotation marks omitted).

Further, plaintiff appears to be alleging that the two individual defendants, who both are identified as social workers (ECF No. 1 at 2-3), "falsely presented" unspecified evidence in connection with a restraining order against plaintiff that appears to have been related to the removal of plaintiff's child from his custody. (*Id.* at 6). Plaintiff also alleges that the "truth has been covered up in family court," but he does not allege that any **defendant** took a deliberate action to present false evidence in the dependency proceeding.  (*Id.*).  Rather, plaintiff appears to allege that one defendant, Lopez, instructed the mother of his child to request a restraining order against plaintiff; the mother knew that the allegations used in the restraining order where false; the "police" knew about unspecified "lies"; and the child was removed by unspecified individuals based on the "falsified restraining order."  (*Id.* at 4-5).  It does not appear from the factual allegations in the Complaint that any named defendant deliberately fabricated evidence that caused plaintiff to suffer a constitutional injury during the juvenile court proceedings.   To the extent that plaintiff is purporting to allege that either named social worker violated his federal due process rights by presenting false information in connection with the juvenile dependency action, plaintiff should set forth facts showing how each defendant made: "(1) a misrepresentation or omission (2) [that was] made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision."  Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1147 (9th Cir. 2021); see also Keates v. Koile, 883 F.3d 1228, 1240 (9th Cir. 2018).  Further, if plaintiff wishes to proceed with such a claim against any defendant, then he must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Pursuant to Rule 9(b), a plaintiff must allege "with particularity the

circumstances constituting fraud."  Accordingly, plaintiff should set forth in an amended pleading a simple, concise, and direct account of "the who, what, when, and where" of each allegedly false statement. See, e.g., Benavidez, 993 F.3d at 1145, 48-49 (citing Fed. R. Civ. P. 9(b)'s heightened pleading standard in a claim alleging judicial deception in a juvenile dependency proceeding).  Here, plaintiff's Complaint does not purport to identify with particularity any fabrication made by any named defendant.

Accordingly, the Court finds that the Complaint fails to comply with Rule 8 and fails to set forth a "short and plain statement" showing the factual basis for any federal civil rights claim against any named defendant.  A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8.  See Iqbal, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).  Further, plaintiff's factual allegations fall far short of raising a purported right to relief on any federal claim beyond the speculative level.  See Bell Atl. Corp., 550 U.S. at 555.  The Court additionally finds that plaintiff has failed to meet his burden of alleging facts, not mere legal conclusions, to support subject matter jurisdiction.  See, e.g., Shapiro, 577 U.S. at 45-46 ("Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial," or "obviously frivolous," are insufficient to "raise a substantial federal question for jurisdictional purposes.").

## C.  MONELL LIABILITY

Plaintiff names as defendants only the County and two individuals in their official capacities.  The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity."  Id. at 166 (emphasis omitted).  In this case, plaintiff names the individual defendants only in their official capacity, and they appear to be employees of the County.  Accordingly, plaintiff's claims against County employees in their official capacities is the same as his claims against the County.

To the extent that plaintiff is purporting to state a federal civil rights claim against the County pursuant to Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court in Monell held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694; see also Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) ("under § 1983, local governments are responsible only for their own illegal acts" (emphasis and internal quotation marks omitted)).  To state a claim arising from the execution of a local entity's policy or custom, a plaintiff must set forth factual allegations to show that the execution of a specific policy, ordinance, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation.  See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation").  Moreover, a Monell claim may not be premised on an isolated or sporadic incident.  See, e.g., Gant v. Cnty. of L.A., 772 F.3d 608, 618 (9th Cir. 2014) (a plaintiff does not establish liability under Monell without showing that "a single incident of unconstitutional actively" was more than an "isolated or sporadic" incident); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Here, plaintiff's Complaint only alleges a single incident pertaining to the removal of his child from his custody.  The Complaint does not set forth any factual allegations concerning any specific practice, policy, or custom of the County that he alleges was a "traditional method of carrying out policy" and which is alleged to have caused him to suffer a constitutional violation in connection with this incident.  Accordingly, plaintiff's factual allegations fail to raise a federal civil rights claim to relief that is plausible on its face against the County or the two County employees in their official capacities.

\*    \*    \*

Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide him with an opportunity to amend. Based on the above deficiencies, plaintiff's Complaint is **dismissed with leave to amend**. If plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint **no later than March 7, 2022**, remedying the deficiencies discussed herein. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.

The First Amended Complaint must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other attachment or document. Each claim plaintiff alleges must clearly set forth which defendant(s) is alleged to be responsible for the alleged violation, and clearly and concisely reference the factual allegations that are relevant to each claim. Further, if plaintiff chooses to proceed with this action, then plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. Plaintiff must also comply with the Local Rules of this Court. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED:  February 7, 2022

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE