UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TIN QUOC PHAN, | No. SA CV 22-105-SB (PLA) |
| Plaintiff, | **ORDER ACCEPTING FINDINGS,** |
| v. | **CONCLUSIONS, AND RECOMMENDATION** |
| COUNTY OF ORANGE, et al., | **OF UNITED STATES MAGISTRATE JUDGE** |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the other records on file herein, the Magistrate Judge's Report and Recommendation ("R&R"), and petitioner's Objections to the R&R. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which plaintiff has raised general objections.

Plaintiff filed his Objections on June 15, 2022. (ECF No. 27). Plaintiff objects that the "decision is completely unfair," but he raises no specific objection to any portion of the R&R. (Id. at 1). Further, in his Objections, plaintiff now asserts that his "daughter has been kidnaped from [him] by the child protective services," the "Agents work with the Olive Crest Adoption Services, they are in the business of stealing" small children, "they are running a[n] operation that is aimed at taking babies and very young children to be sold to private adopters," and "they" are "stealing

babies and selling them in an underground adoption." (Id. 2, 9-10, 13). None of these claims was raised in any of the three pleadings that plaintiff previously filed in this action.

Plaintiff further asserts generally that the "County of Orange Social Services took [his] child in [sic] fraud, in retaliation, and in complete violation of every well understood procedure that should be taken." (Id. at 2). He additionally states, without any support, that the "social workers and the Agency are completely corrupt[,] they have completely lied about everything," the "social workers are so wicked and heartless," the "Agents are so completely despicable," and "they even faked a dirty drug test." (Id. at 3, 5, 8, 10).

Plaintiff repeats the unsupported and conclusory assertions that unspecified individuals "lied" and told "the judge a bunch of complete lies"; that "it was complete lies they reported" to the judge; and that "they" falsely told a judge that plaintiff "did not do anger management and parenting at a[n] accredited school." (Id. at 3, 5, 7, 11). Just as in the three pleadings that plaintiff has filed, however, he sets forth no facts in the Objections showing that any defendant named in this action made a specific false statement at any particular time.

Upon review of the Objections, the Court concludes that plaintiff's pleadings state nothing more than "defendant-unlawfully-harmed-me accusations" and "naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (alteration in original, internal quotation marks omitted). Accordingly, the action must be dismissed with prejudice for failure to state a claim.

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: June 18, 2022

HONORABLE STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE

2